## A. THAISON V. DARIO SANCHEZ ET AL.

### No. 946.

**1.   Agreed Case—Record on Appeal—Waiver of Issues as to Pleading.**

Under article 1293, Revised Statutes (1895), the record in a cause tried below as an agreed case consists of the judgment and the agreed statement of facts, and issues as to the pleadings are pretermitted, so that the only question on appeal is whether or not the judgment rendered was the proper one upon the agreed facts.

**2.   City Officers—Compensation—Mayor and Recorder.**

Where a city council neglected for several years to appoint a recorder, as required by an ordinance which also specified the recorder's fees, and the mayor, under articles 357-361, Revised Statutes (1879), had acted as recorder, receiving the fees, and his court was known as the "Mayor's Court," the council, by providing prior to an annual election that the mayor then to be elected should receive no salary, but should receive the fees of the mayor's court, thereby fixed his compensation within the meaning of the statute requiring city councils prior to every regular election to fix the compensation of the mayor to be elected.

**3.   Same—Change of Compensation During Term—Recorder's Fees.**

Where the city council thus fixed as the mayor's compensation the fees to be received by him in acting as recorder, which fees were in law subject to be taken away by the appointment of a recorder, and a recorder was duly appointed as soon as the mayor took office, this was not a change of the mayor's compensation during his term of office, as prohibited by article 498 of the Revised Statutes, since the mayor took the office subject to such contingency; and the payment of a salary allowed him by the council in lieu of the recorder's fees was properly restrained by injunction.

APPEAL from Webb.    Tried below before Hon. A. L. MCLANE.

*A. Winslow, John A. Valls* and *Oscar Bergstrom,* for appellant.—1. Where it is provided by charter that the salary of all officers shall be fixed before their election, and that such salary shall not be increased or diminished during the term of such officer, if the authorities charged with fixing the salary have not done so before the election, they may do so afterwards. 19 Am. and Eng. Ency. of Law, 428; Purcell v. Parks, 82 Ill., 346; Rev. Stats., art. 498.

2.   Where citizens and taxpayers of a city do not show that they would be injured by the payment of money out of the city treasury, they cannot maintain a suit to enjoin such payment, and where the salary proposed to be paid to a city official does not appear to be more than the amount lawfully fixed as his compensation, judgment in a suit to enjoin the payment of such salary should be for the defendants.

*E. A. Atlee* and *Dodd & Mullally*, for appellees.—1.   Persons who are resident taxpayers of a city under control of the general laws applicable to cities and towns, may enjoin the payment of a salary to the mayor, where at the time of his election to that office, no salary attached for the term, and the salary sought to be enjoined was fixed after the election and during the term; the action of the city council so fixing the salary is ultra vires, null and void.   Rev. Stats (1895), art. 569; Caruthers v. Harnett, 56 Texas, 127; Texarkana v. Weeks (Ark.), 6 S. W. Rep., 504; 10 Am. and Eng. Ency. of Law, 963, and cases there cited; 2 High on Inj., secs. 1236–1239, 1298–1300, and cases cited; 1 Dill. Mun. Corp., sec. 230.

2.   The mayor is required by law to perform the duties of recorder, whenever a vacancy in that office occurs, and to hold a court "which shall be known as the Mayor's Court;" the action of the city council, allowing "fees in Mayor's Court" merely contemplated that a vacancy then existing might continue to exist, or might occur again.

JAMES, CHIEF JUSTICE.—The case was submitted to the district judge upon an agreed statement of facts, made out and signed by counsel for the respective parties, and certified by the court to be correct.   Under article 1293, Revised Statutes, of 1895, this and the judgment constitute the record in the cause.   We think that in such case, by reason of the statute, issues in regard to the pleadings are laid aside, and the only question is, whether or not the judgment rendered was the proper one upon the agreed facts.   Therefore we need not consider the assignments Nos. 1 and 2, which refer to the overruling of demurrers to the petition.

It appears that in 1889 the city council, by an ordinance, provided for the office of recorder (article 361, Revised Statutes), making it the duty of the council to appoint such officer immediately upon the adoption of the ordinance, and thereafter annually at the installation of each new city council, defining his duties as they are provided in the statute, and providing also that he should receive a fee of $2.50 in each case "tried and convicted before him."   This ordinance has not been repealed.   It seems further that for the four years prior to April, 1895, the council had not appointed a recorder, and the mayor, by virtue of articles 357 and 361, acted as such officer, the court being known in the language of the statute as the "Mayor's Court."

Prior to January 1, 1895 (in December, 1894), the council, in anticipation of the election of April, 1895, adopted a resolution (an ordinance not being necessary), fixing the compensation of the mayor to be elected for the two years commencing April, 1895, providing that he should receive no salary, but should receive the fees of the mayor's court.

Appellant Thaison was elected, and immediately, in April, 1895, the council complied with the existing ordinance of 1889, and appointed C. C. Pierce as recorder, who entered upon the discharge of his duties and has received the emoluments thereof, which, in the absence of other evidence thereof, we take to be the fees attached to the office by the ordi-

nance of 1889.   In September of 1895, the council, by resolution, voted the mayor a salary of $150 per month, to commence from his qualification as mayor.   Thereupon a warrant was issued to him for $685, and this suit was instituted by resident citizen taxpayers to enjoin the payment of the warrant, and to enjoin the issuance of future warrants under the said resolution.

Article 498, Revised Statutes (569 Revised Statutes of 1895), provides that the council shall, on or before the first day of January next preceding each and every election, fix the salary and fees of office of the mayor to be elected at the next regular election, * * * "and the compensation or salary so established shall not be changed during the term for which said officers shall be elected or appointed."

The ordinance of 1889, so far as it fixed the fees of the recorder, would not seem to answer the purposes of said article in its application to the election of April, 1895.   In December, 1894, the council determined the compensation of the incoming mayor by denying him any salary and giving him the fees of the mayor's court, without, in such resolution, specifying these fees.   The purpose was to give the mayor what fees should accrue to him by virtue of his office while acting as recorder during his term.   The council, when it passed the resolution, probably expected there would be no recorder, as had been the case for several years, and that the mayor would get all the fees that went with that office; but both they and the persons seeking the office of mayor, must be held to have known and considered the chance of the new council performing its duty under the ordinance by appointing a recorder, in which event there might be no mayor's court and no fees arising therefrom.   Texarkana v. Weeks, 6 S. W. Rep., 504.

Did the council by the resolution of December, 1894, in allowing the mayor the "fees of mayor's court," fix by this any compensation?   It did not state the fees.   When we look to the record, we see that the mayor's court had (by reason of there being no recorder appointed), been held for several years, and was then being held, and the council, in referring to the fees of the mayor's court, doubtless had reference to fees then being received by the mayor in that court.   The fact appearing that the ordinance of 1889 had not been affected by any subsequent action of the council, makes it certain that any fees received from the mayor's court must have been those mentioned in said ordinance, there being no other resolution or act of the council on the subject; and looking alone to the proceedings of the council, in connection with the resolution of December, 1894, it is made clear what the council meant by "the fees of mayor's court."

Appellant contends that the council failed to fix the salary of the mayor, and the authorities cited in 82 Ill., 346, and 19 Am. and Eng. Ency. of Law, 428, note, appear to sustain the proposition that where the council fails to act in fixing the compensation previous to the election, as required by law, they could provide for it afterwards.   This rule cannot apply in this case, where the council did not fail to establish

the compensation at the time prescribed. It was fixed to consist of the "fees of the mayor's court," without any salary. He took the office with this provision, and in view of the power, right and duty of the new council to appoint a recorder, and thus diminish or do away with the emoluments of the mayor's court. We do not believe that this would, in legal contemplation, be a change in the compensation as established. The fees he was to receive were those appertaining to the mayor's court. This court was defined by the statute to be a court held by the mayor, in lieu of the recorder's court, up to the time a recorder should be elected by the council, or during such time as the same should be discontinued or a vacancy exist therein. Article 361, Revised Statutes (405, Statutes of 1895). The fees that attached to the holding of such mayor's court, was the compensation established, and in reference to this he was elected to and accepted the office. The fees so accruing are still his.

Appellant argues that the council intended to give the mayor the fees of the recorder's court, and as it is not shown what these fees amounted to, plaintiffs were not entitled to the injunction, because, if the salary voted amounted to less per month than what the council had in mind, to-wit, the recorder's fees, the citizens were not injured, and could not complain. The reply to this is, that he was to be allowed the fees of the mayor's court, and it appears that the fees of such court had amounted to nothing up to the issuance of the warrant in question on account of the incumbency of a recorder. Therefore any salary voted him for such period, and probably that for the future, would have been in excess of what had been provided for his services as mayor.

The opinion on rehearing in Altgelt v. City of San Antonio, 81 Texas, 436, has no application in this case.

*Affirmed.*

Delivered March 11, 1896.