### CITY OF BELTON v. HEAD.

(Court of Civil Appeals of Texas. Austin. May 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 115*)—POWERS OF LEGISLATIVE BODY—RIGHT TO RESCIND ACTION.

The council of a city may rescind action previously taken, and may repeal ordinances, unless vested rights are thereby interfered with, or unless the statute prohibits the repeal of a prior ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 266½, 267; Dec. Dig. § 115.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

2. MUNICIPAL ·CORPORATIONS (§ 164*)—OF-
FICERS—SALARIES—POWER TO REGULATE.

A statute providing that the city council
shall, on or before the 1st day of January next
preceding every election, fix the salary of the
office of mayor, which compensation shall not be
changed during the term for which the mayor
is elected, is not mandatory; and where the
council fails to fix the salary on or before
January 1st, it may do so at any time before
the general election; and where the council at
a regular session on December 9th fixed the
salary, it could after January 1st following, and
before the general election, fix the salary at
a less sum, and the mayor elected at the regular
election following could only receive the latter
sum.

[Ed. Note.—For other cases, see Municipal
Corporations, Dec. Dig. § 164.*]

Appeal from Bell County Court; W. S.
Shipp, Judge.

Action by J. H. Head against the City of
Belton. From a judgment for plaintiff, de-
fendant appeals. Reversed.

John B. Durrett, for appellant. A. L.
Curtis and Winbourn Pearce, for appellee.

RICE, J. The city of Belton is a munic-
ipal corporation, duly incorporated as such
under title 18 of the general laws of Texas
(Rev. St. 1895) applying to cities having
more than 1,000 and less than 10,000 inhabit-
ants. The city council of said city, on the
9th of December, 1908, at a regular session,
fixed the mayor's salary at $40 per month.
On the 15th day of January next thereafter,
said city council rescinded its said action
of December 9th, and passed an order that
the mayor should receive a salary of $60
per annum. At the ensuing regular elec-
tion, held April 6, 1909, appellee was elect-
ed mayor of said city, and qualified as such
April 14, 1909, since which time he has been
acting as mayor of said city. The city coun-
cil having refused to pay him the sum of
$40 per month claimed by him as his sal-
ary under said first order, he brought this
suit against the city on the 21st of July,
1910, for the sum of $600, claimed to be
the full amount due him up to said time.
Appellant denied liability, on the ground
that it did not owe appellee the sum of $40
per month, because said first order had been
rescinded as above stated, and his salary
fixed at $60 per year by subsequent action of
the city council. A jury being waived, the
matters of law and fact were submitted
to the court, who rendered ·judgment for ap-
pellee for the full sum of $600, from which
judgment this appeal is prosecuted. So that
the only question for our consideration is
that presented by appellant's second assign-
ment of error, urging that the court erred
in holding that the city council of said city
did not have the power at its January term,
1909, to repeal the order passed at the De-
cember, 1908, session, fixing the mayor's
salary at $40 per month.

[1] The statute governing this matter
reads as follows: "The city council shall, on

or before the first day of January next pre-
ceding each and every election after the
first under this title, fix the salary and fees
of office of the mayor to be elected at the
next regular election, and shall at the same
time establish the compensation or salary
to be paid to the officers elected or appoint-
ed by the city council,. and the compensation
or salary so established shall not be changed
during the term for which said officer shall
be elected or appointed." It is laid down
in Vol. 20 (2d Ed.) Am. & Eng. Ency. Law,
p. 1215, that "the governing body of a mu-
nicipal corporation ·has, as a general rule,
the power, if vested rights are not thereby
interfered with, to reconsider and rescind
action previously taken." It is said in 28
Cyc. 383, discussing the subject of munici-
pal corporations, that the "power to enact
implies power also to repeal ordinances, un-
less the right is limited or abrogated by a
higher law. All ordinances, too, are subject
to repeal, except such as are contractual in
their character." We think it follows from
this rule that unless some vested right had
accrued, or the statute itself precluded the
enactment of the second ordinance repealing
the first, that it must be held that the power
to do so in the municipality existed. Ap-
pellee, however, contends that this statute
requires the city council, on or before the
1st day of January, to fix by ordinance the
salaries of the mayor and other officers, and
that it cannot be done at any subsequent
term, and, further, that, having fixed the
same in obedience to said requirement, the
city council is without power to repeal the
same at any subsequent session. In dis-
cussing the time when salaries should be
fixed by municipal corporations, it is said
in 28 Cyc. 457, that "the rule is that the
compensation must be established before the
commencement of the term of office; and
it is well settled that, in the absence of
any prohibition or restriction, the compen-
sation of a municipal officer may be changed
by the proper authorities, and such change ·
may apply to officers then in office, as well
as to those thereafter selected." See, also,
McFall v. City of Austin, 1 White & W.
Civ. Cas. Ct. App. § 451, p. 207, and au-
thorities there cited. It is said in Cyc. vol.
36, p. 1160, that "the statute specifying a
time within which a public officer is to per-
form an official act regarding the rights and
duties of others is directory merely, unless
the nature of the act to be performed, or
the phraseology of the statute, or of other
statutes, relating to the same subject-mat-
ter, is such that the designation of time
must be considered a limitation upon the
power of the officer." "And the word 'shall'
is to be construed as merely permissive,
where no public benefit or private right
requires it to be given an imperative mean-
ing." Id. p. 1161.

---

[2] In the present case appellee contends that, the time named in the act for fixing the salary of the mayor and other officers being mandatory upon the city council, they were compelled to perform this duty at the time named in the statute. He further contends that the latter clause of the statute, declaring that the compensation or salary so established shall not be changed during the term for which said officer shall be elected or appointed, precluded the city council from repealing or in any way changing at its January term the order entered fixing the salary at its previous December term. We believe that the word "shall," as used in the statute above quoted, is merely directory, and that, if the city council should fail to fix the salary and compensation of the mayor in accordance with this direction prior to the 1st day of January, it could do so at any time before the commencement of the term of office of such officer. We are strengthened in this belief by the latter clause thereof, which declares that the compensation or salary so established shall not be changed during the term for which said officer shall be elected or appointed. This last clause clearly indicates that said salary or compensation might be changed at any time, provided it is not done during the term for which said officer should be elected or appointed. There was no effort in the present case to change or alter the salary during the term for which the mayor was elected; but, on the contrary, the change was made in January, and the election did not occur until April thereafter. Suppose that the city council had wholly failed to fix any salary on or before January 1st preceding a general election; could it be held that this failure would preclude it from fixing the salary of its mayor and other officers at any time thereafter, provided it was not done during their respective terms? We think not, but that the power would still remain to fix the salaries of said officers within the time indicated. Our present Constitution required the first Legislature held thereunder to pass laws on certain subjects, to wit: Article 3, § 43, providing for revising, digesting, and publishing the laws; section 46, art. 3, for the enactment of effective vagrant laws; section 20, art. 16, for the passage of local option laws; article 16, § 35, for laws protecting laborers' liens upon public buildings, etc.; article 16, § 36, for laws providing for the payment of past-due indebtedness to public school teachers, etc. Certainly the failure on the part of the first Legislature to pass laws upon the subjects enumerated would not prevent subsequent Legislatures from carrying out the commands of the Constitution in these respects; but they would still have power to legislate upon the subjects indicated.

In the case of Collingsworth County v. Myers, 35 S. W. 414, the commissioners' court at its February term, 1893, entered an order fixing the ex officio salaries of its county judge, sheriff, and county and district clerk at a certain amount for the next two succeeding years; but said court at its November term thereafter, by an order duly entered in its minutes, reduced the salaries of each of said officers, who instituted suit against the county to recover the amount first named. It was held that the commissioners' court had the authority to reduce the ex officio salaries previously fixed for such officers. We do not think that the case of City of Oak Cliff v. Etheridge, 76 S. W. 602, cited by counsel for appellee, sustains his contention, because in that case the city council undertook to change the salary of the city marshal after the commencement of his term of office, which is clearly prohibited by the statute, for which reason said case is distinguishable from the case at bar.

Believing that the city council had the authority to repeal the ordinance passed at its December term, 1908, by the one passed at its January session thereafter, we therefore think that the trial court erred in rendering judgment for appellee for the amount sued for, and that he was only entitled to recover the salary fixed by the January order, to wit, $60 per annum. We therefore reverse and remand the case, with instructions to the trial court to render judgment for appellee for the time the proof may show that he served, at the rate of $60 per annum.

Reversed, with instructions to render; costs to be taxed against appellee.