CITY OF UVALDE v. BURNEY.

(Court of Civil Appeals of Texas. San Antonio. March 6, 1912.)

1. STATUTES (§ 227*)—MANDATORY STATUTES.
   A departure from statutory provisions as to the time or mode of doing a thing required or permitted by law will not usually invalidate the proceedings thereunder.
   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 308, 309; Dec. Dig. § 227.*]

2. STATUTES (§ 227*)—MANDATORY STATUTES.
   A statute worded in the affirmative, relating to the time or manner of doing acts which constitute the chief purpose of the statute, or those incidental thereto, by an official person, is usually considered as directory.
   [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 308, 309; Dec. Dig. § 227.*]

3. MUNICIPAL CORPORATIONS (§ 124*) — MANDATORY STATUTES.
   Rev. St. 1895, art. 569, provides that the city council, on or before the 1st of January next preceding each election after the first election under the title, shall fix the salary and fees of the office of mayor to be elected at the next regular election, and that the compensation so established shall not be changed during the term for which the officer was appointed or elected. Held, that the provision requiring the salary of the mayor to be fixed by the council on or before January 1st preceding the election was merely directory, so that his salary could be fixed after that date.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 290–297; Dec. Dig. § 124.*]

4. MUNICIPAL CORPORATIONS (§ 124*) — ORDINANCES—REPEAL.
   Rev. St. 1895, § 569, requiring the mayor's salary to be fixed on or before January 1st preceding each election would repeal an ordinance, theretofore passed, fixing the salary of the mayor of a city at $2.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 290–297; Dec. Dig. § 124.*]

5. MUNICIPAL CORPORATIONS (§ 162*)—SALARIES OF OFFICERS—MAYOR.
   The fact that a mayor was required, in addition to performing his other duties, to discharge those of street commissioners or marshal would not deprive him of his right to salary earned.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 357–367, 369, 372, 374; Dec. Dig. § 162.*]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by Mat Burney against the City of Uvalde. From a judgment for plaintiff, defendant appeals. Affirmed.

G. B. Fenley and Claude Lawrence, for appellant. Martin, Old & Martin, for appellee.

FLY, J. Appellee sued appellant to recover the sum of $690, alleged to be the salary due him, as mayor, by the city for 23 months at the rate of $30 a month.

Appellee filed an original and two amended petitions, a supplemental petition, and a trial amendment. The record contains only a first supplemental answer of appellant, which was devoted to attacks on the trial amendment filed by appellee, and appellant filed and has brought up in the record 24 assignments of error, 11 of which are presented in the brief. The cause was tried by the court, without a jury, and judgment rendered in favor of appellee for $699, with interest at 6 per cent. per annum from January 1, 1911.

The evidence showed that appellee was elected, on April 7, 1908, mayor of the city of Uvalde, which was incorporated under the general laws of Texas relating to the in-

corporation of cities. The salary of the mayor had not been fixed by the council at any time prior to the election of appellee. He qualified as mayor in April, 1908, and on May 2, 1908, the council passed an ordinance providing for a salary of $30 a month for the mayor, at the same time providing that "he is to summon the hands subject to road duty, oversee same, and see that the streets and alleys are worked."

In article 569, Revised Statutes, it is provided: "The city council shall, on or before the first day of January next preceding each and every election after the first under this title, fix the salary and fees of office of the mayor to be elected at the next regular election, and shall at the same time establish the compensation or salary to be paid to the officers elected or appointed by the city council, and the compensation or salary so established shall not be changed during the term for which said officer shall be elected or appointed." The question arises, If the salaries of the city officers are not fixed by the city council on or before January 1st next preceding the election, can such salaries be fixed after the election?

[1] It is the rule that a departure from statutory provisions as to the time or mode of doing a thing required or permitted by law will not usually invalidate the proceedings thereunder, although there is no universal, infallible rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory.

[2] Again, it is stated by a text-writer, and supported by authority, that, "where the provision is in affirmative words, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been usually treated as directory." The same writer says: "Where a statute is affirmative, it does not necessarily imply that the mode or time mentioned in it are exclusive, and that the act provided for, if done at a different time, or in a different manner, will not have effect." Suth. Stat. Cons. § 447. The same author cites a number of authorities to sustain the proposition that provisions regulating the duties of public officers and specifying the time for their performance are, in that regard, generally directory. Section 448.

[3] The law in question is affirmative in requiring that the salaries of the city officers shall be fixed at a certain time, and we think is merely directory. It will be presumed that the Legislature intended what was reasonable, and it would not cripple, or completely break down, a municipal corporation by a failure to name salaries at a certain time. The time is not essential to the perfect operation of the law, and there is really but one mandatory provision in it, and that is that when the salary has been once fixed or established it shall not be

changed during the term for which the officer was elected or appointed. That provision is negatively expressed, and must necessarily be mandatory. The directions as to the time at which the appropriation for the salaries should be made is not of the essence of the duty to be performed; the main object of the law being to prevent an increase in salary during the incumbency in office. As said in French v. Edwards, 13 Wall. 506, 20 L. Ed. 702: "There are, undoubtedly, many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them which do not limit their power or render its exercise in disregard of the requisitions ineffectual. Such, generally, are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated."

The case of Thaison v. Sanchez, 13 Tex. Civ. App. 73, 35 S. W. 478, decided by this court, does not sustain the contentions of appellant; but, on the other hand, it is stated therein that the case of Purcell v. Parks, 82 Ill. 346, sustains the position now taken by this court "that, where the council fails to act in fixing compensation previous to the election, as required by law, they could provide for it afterwards." The court further clearly held that the case which was then under consideration did not come within that rule, because compensation had been fixed by the council before the election. We have not had access to the Illinois case at this time.

The law as enunciated in article 569, was passed to be observed, and should be followed by cities incorporated under the general law, and this decision is not intended as offering a premium for the disregard of statutes; but the whole scope of our decision is that, if a city council fails to perform a duty enjoined upon it by the statute, the city corporation shall not thereby be robbed of its vigor and power, and the scheme of government, prescribed by the Legislature, fall to the ground. Having failed to perform the legal duty at the appointed time, the city council will still have the power, in the preservation of the life and vitality of the corporation, to do later what it should have done earlier, especially when more ills would likely arise from a failure to perform the duty at all than to perform at a late hour. There does not seem to have been an abuse of the powers exercised; for the proposition cannot be entertained that $30 a month is extravagant pay for the mayor of a thriving and enterprising Texas city. The court properly overruled the exceptions to the trial amendment.

[4] The court did not err in striking out

that portion of the answer setting up an ordinance passed more than four years before the election in 1908, in which the salary of the mayor was fixed at $2. Article 569, invoked by appellant, nullifies that ordinance by requiring that the salaries of officers shall be fixed at a certain time before each election. The ordinance could not, therefore, have existed more than two years.

[5] We fail to see the force of the contention that the mayor should not be paid for his services, because, in addition to his other duties, he was required to perform the duties of a street commissioner or marshal, or whoever's duty it was to summon persons to work on the streets, to oversee them, and see that the streets and alleys were worked. It would seem that the council was determined that the mayor, in addition to being loaded down with honors, should have increased burdens of government placed on his shoulders, and the city should not make these additional burdens the ground for not paying his salary.

It is unnecessary to discuss the other assignments of error, and the judgment is affirmed.