### BICKLE v. CITY OF PANHANDLE.

No. 3678.

Court of Civil Appeals of Texas. Amarillo.
Nov. 4, 1931.

Rehearing Denied Dec. 2, 1931.

See, also, 31 S.W.(2d) 843.

James Spiller, of Panhandle, for appellant.

H. H. Smith, of Panhandle, for appellee.

JACKSON, J.

This suit was instituted in the district court of Carson county, Tex., by the appellant, Bud

Bickle, to recover against appellee, the city of Panhandle, a balance of $2,800 claimed by appellant for services as city marshal of said city for the years 1929 and 1930.

Appellant alleges:

That in March, 1926, he entered into a contract with the city by the terms of which he was employed as city marshal at a salary of $150 per month, and in pursuance to said contract he was appointed, entered upon the duties of the office, performed the services of marshal of said city, and was paid a salary of $150 per month according to the contract. That in April, 1927, at the regular election for city officers, he was elected to the office of city marshal for a term of two years, and his salary at $150 per month was continued and paid.

That, before he announced as a candidate for the office at the April election in 1929, it was understood and agreed between him and appellee that the salary, if he was elected, would continue at $150 per month.

In the alternative, the appellant pleads that, if he is mistaken as to the effect of the contract and his legal right to recover under the statute regulating and fixing the salary of city marshal, in any event he performed the services as marshal from and after his election in April, 1929, to January, 1931. That the city accepted his services as such officer, and is liable to pay compensation on an implied contract for the reasonable value thereof, which he says is $200 per month, aggregating the sum of $4,000, upon which he credits one payment of $100, and the balance he seeks to recover on his plea of quantum meruit.

This is the second appeal in this litigation, and, with the exception that in this case plaintiff seeks to recover on a quantum meruit, the same parties and the same subject-matter are involved, all of which was determined in an opinion by this court in the former appeal reported in 31 S.W.(2d) 843, 845.

In this suit appellee urged a general demurrer to appellant's petition, which was sustained by the court, judgment rendered against plaintiff, and he prosecutes this appeal.

The opinion in the former appeal holds:

"On the 12th day of February, 1929, Ordinance No. 58, fixing the salaries of certain city officers to be elected at the April election, was passed by the city council. It provides that the city marshal shall receive the fees of office as provided by the ordinance creating the office of marshal, but that he shall be paid no salary. It is true this ordinance was not passed on or before the 1st day of January preceding the election, but it is held that article 1010 is not mandatory in so far as it requires salaries to be fixed on or before January 1st preceding the election, and that, if an ordinance is passed after January 1st, but prior to the general election

at which the officers are elected, the ordinance is valid. City of Belton v. Head (Tex. Civ. App.) 137 S. W. 417; City of Uvalde v. Burney (Tex. Civ. App.) 145 S. W. 311."

"The validity of Ordinance No. 58, in so far as the enactment thereof is concerned, is not attacked, and we hold it to be a valid ordinance fixing the compensation of the city marshal for the two years following the April, 1929, election."

The appellant does not attack the validity of said Ordinance No. 58 in his petition in this case, and, as the city had fixed, before his election, the compensation of its city marshal at the fees of office, by a valid ordinance, such compensation could not be changed after the election. Article 1010, R. C. S.

Inasmuch as the appellee had fixed the compensation before the election by a valid ordinance, and such compensation could not be changed, the judgment was reversed and rendered on the former appeal, denying appellant the right to any compensation other than the fees of office.

■ If appellant should be permitted to recover on a quantum meruit the sum of $200 per month, as he seeks to do in this case, it would be increasing his compensation after his election, which is not permitted by law.

In the former appeal, this court held that: "Appellee [who is appellant here] is not entitled to recover upon a quantum meruit, even if his pleading and prayer were so framed as to ask that relief."

■ The appellant insists that this court cannot take judicial notice of the records on the former appeal, but as held by Chief Justice Hall in Cochran County et al. v. Boyd et al. (Tex. Civ. App.) 26 S.W.(2d) 364, 365, writ refused: "It is well settled that courts may take judicial knowledge of their own records and all judgments rendered in cases involving the same subject-matter and practically between the same parties. [Citing numerous authorities.]"

In the same opinion, in speaking of the former record of which judicial notice was taken, it is said: "Moreover, that judgment is conclusive of all issues which might and should have been urged in that case."

■ Regardless of the contract between appellant and appellee in 1926, and the payment of a salary of $150 per month thereafter, or any pre-election contract prior to April, 1929, at which time appellant was re-elected, the governing authority of the city was authorized to fix, by ordinance, before the election, the salary of the city marshal and limit his compensation to fees of office, and, having done this, it is binding upon appellant, and the court did not commit error in sustaining the demurrer to his petition.

The judgment is affirmed.