

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Rudd, Jr., Acting Director
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

> Opinion No. O-4103
> Re: Validity of resolution
> passed by Teacher Retirement
> Board

You have submitted for our consideration the validity of the following regulation passed by the Board of Trustees of the Teacher Retirement System:

> "'Because of the lack of general information possessed by the members in this first year in which retirement may be effective, any member between the ages of sixty and seventy who is otherwise qualified for retirement may have his retirement allowance effective as of August 31, 1941, upon making a written application to the Retirement System by November 10, 1941.'"

The pertinent statutory provision is Section 5 of the Teacher Retirement Act, which reads in part as follows:

> "1. Service Retirement Benefits. Any member may retire upon written application to the State Board of Trustees. Retirement shall be effective as of the end of the school year then current, provided that the said member at the time so specified for his retirement shall have attained the age of sixty (60) years and shall have completed twenty (20) or more years of creditable service, and provided further that no retirement shall be effective prior to August 31, 1941. Any member in service who has attained the age of seventy (70) years shall be

Honorable John S. Rudd, Jr., Page 2

retired forthwith, provided that with the approval of his employer he may remain in service."

Under the statute, no retirement could have been effective until August 31, 1941, and the statute seems to require a written application prior to the date of retirement. If this is a mandatory requirement, then the regulation would be ineffective. On the other hand, if it is merely directory, then we believe that the Board was authorized to pass the regulation.

In the case of City of Uvalde v. Burney, 145 S.W. 311, the statute under consideration required the city council to meet on or before the first day of January and fix the salary of the mayor. However, the salary was not fixed until the second day of May. In passing on whether such salary was legally fixed, the court said the following:

"(1) It is the rule that a departure from statutory provisions as to the time or mode of doing a thing required or permitted by law will not usually invalidate the proceedings thereunder, although there is no universal, infallible rule by which directory provisions may, under all circumstances, be distinguished from those which are mandatory.

"(2) Again, it is stated by a text-writer, and supported by authority, that, "where the provision is in affirmative words, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been usually treated as directory." The same writer says: "Where a statute is affirmative, it does not necessarily imply that the mode or time mentioned in it are exclusive, and that the act provided for, if done at a different time, or in a different manner, will not have effect." Suth. Stat. Cons. | 447. The same author cites a number of authorities to sustain the proposition that provisions regulating the duties of public officers and specifying the time for their performance are, in that regard, generally directory. Section 448." See also Gibson vs. Davis, 236 S.W. 202.

The Teacher Retirement System is still relatively

Honorable John S. Rudd, Jr., Page 3

new in Texas, and the teacher members are not yet familiar with the terms of the Retirement Act. No doubt there were a number of teachers who were eligible for retirement as of August 31, 1941, and who failed to apply for retirement because they did not know the terms of the statute. It is for this reason that the Board passed the regulation.

We are of the opinion that the authorities cited above govern the statutory provision under consideration, and that it is merely a directory provision. It follows, therefore, that the Board had the authority to pass the regulation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 20 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By _George W. Sparks_
George W. Sparks
Assistant

GWS:nw


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

