

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 16, 1948

Hon. Ted R. Alexander
Bond Investment Adviser
State Board of Education
Austin, Texas

Opinion No. V-603

Re: The authority of the
State Board of Educa-
tion to accept prepay-
ment of school bonds
as of the interest
paying date.

Dear Sir:

We refer to your opinion request, from which
we quote the following:

"On April 28, 1948, the Office of the
State Board of Education received, from the
Amarillo Independent School District, a copy
of an application requesting permission, un-
der Article 2787a, R. C. S. 1925, to prepay
on May 1, 1948, $80,000.00 of unmatured
bonds out of the 1927 series of bonds held
by the Permanent School Fund against said
district. The interest paying date of said
bonds is May 1st and November 1st in each
year.

"Accompanying the copy of the prepay-
ment application was a letter from the Sec-
retary of the Amarillo Board of Trustees.
This letter stated that the district had
addressed a letter dated March 16, 1948, to
Mr. L. A. Woods, State Board of Education,
and enclosed original application to prepay
said $80,000.00 in unmatured bonds. The ac-
companying letter further stated that no re-
ply was received to the letter dated March
16th, therefore, the district wrote Dr.
Woods again on April 16, 1948, requesting
advice as to action taken by the Board on
the district's application. Under date of
April 22, 1948, Dr. Woods advised the dis-
trict that he had not received the letter
dated March 16th, with enclosed application

and suggested that the district send a
duplicate application, which it enclosed
in the letter dated April 28, 1948, to
the office of the State Board of Educa-
tion.

"A remittance for the bonds and in-
terest maturing May 1, 1948, plus a re-
mittance in the amount of $80,000.00 to
cover payment of the unmatured bonds
(the) district desired to prepay, was re-
ceived by the State Treasurer on April
28, 1948.

"You are respectfully requested to
advise whether prepayment of the bonds
can be accepted as of May 1, 1948, in view
of the fact that the district had remitted
to the State Treasurer the amount involved
before the interest paying date, and had
attempted to file its application for per-
mission to prepay the bonds more than
thirty days in advance of the interest
paying date."

Article 2787a, Vernon's Civil Statutes, pro-
vides, in part, as follows:

"The State Board of Education may
authorize the trustees of any common
school district or of any independent
school district of this State to pay off
and discharge, at any interest paying
date whether the bonds are matured or
not, all or any part of any bonded in-
debtedness now owned or hereafter to be
owned by the State Permanent School Fund,
outstanding against any common school
district, or any independent school dis-
trict in this State.

"It shall be the duty of the school
trustees of any common school district,
or any independent school district of
this State desiring to pay off and dis-
charge any bonded indebtedness now owned
or hereafter to be owned by the Permanent
School Fund of this State, outstanding
against such district or districts, before

maturity thereof, <u>to make direct application in writing to the State Board of Education at least thirty days before any interest paying date on such bonds, making known to said State Board of Education the desire of said trustees to pay off and discharge said bonded indebtedness</u>, or any part thereof describing said bonds or the part thereof that the trustees desire to pay off and discharge; and it shall be the duty of the State Board of Education upon receipt of such application to act thereon in such manner as they deem best and notify the applicant or applicants whether the application is refused or granted in whole or in part; provided, that only such tax money as has been collected by virtue of tax levies made for the specific purpose of providing a sinking fund and paying interest on the particular bonds to be redeemed shall be expended in the redemption, taking up, or paying off of such bonds as provided in this Act; unless said bonds are being redeemed for the purpose of being refunded; and the application of the board of trustees of any common or independent school district desiring to retire bonds as herein provided shall include an affidavit to that effect in their application;
. . ." (Emphasis added)

It is assumed that the moneys which will be used for the payment of these bonds are funds which have been collected "by virtue of tax levies made for the specific purpose of providing a sinking fund and paying interest on the particular bonds to be redeemed," and that the Board has satisfied itself on this point.

The State Superintendent is the secretary of the State Board of Education. The mailing to him of the application required under Article 2787a would meet that provision of Article 2787a which requires a school district "to make direct application in writing to the State Board of Education." Opinion O-5715.

The application provisions of Article 2787a are designed for the purpose of giving the Board of

Education ample opportunity to plan or provide for the reinvestment of its funds. Discretion rests in the Board to impose reasonable conditions as a means of preventing loss to the permanent school fund by reason of delay in reinvesting its funds. State v. Hatcher, 52 S.W.(2d) 794.

It will be observed that the statute provides that the district shall "make direct application in writing to the State Board of Education at least thirty days before any interest payment date on such bonds, making known to said State Board of Education the desire of said trustees to pay off and discharge said bonded indebtedness. . . ." (Emphasis added)

The underscored portion would give strength to the construction that such application must be received by the State Board of Education; otherwise, the desire of the district to pay off and discharge the bonds would not be made known thereby. Here, the desire of the district was made known to the State Board of Education prior to the next interest payment date, but not thirty days prior thereto.

It is to be noted that the statute insofar as it relates to making application to the State Board is couched in affirmative words. In the case of City of Uvalde v. Burney, Civ. App., 145 S.W. 311, the court stated the following:

"Again, it is stated by a textwriter, and supported by authority, that, 'where the provision is in affirmative words, and it relates to the time or manner of doing the acts which constitute the chief purpose of the law, or those incidental or subsidiary thereto, by an official person, the provision has been usually treated as directory.' The same writer says: 'Where a statute is affirmative, it does not necessarily imply that the mode or time mentioned in it are exclusive, and that the act provided for, if done at a different time, or in a different manner, will not have effect.' Suth Stat. Cons. Sec. 447. The same author cites a number of authorities to sustain the proposition that provisions regulating the duties of public officers

and specifying the time for their performance are, in that regard, generally directory. Section 448.

"'. . . Provisions of this character are not usually regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. . . .'"

We think that the principles announced in the Burney case are applicable to the issue at hand. The statute, insofar as the thirty day provision is concerned, is not negatively worded. It does not provide that any application received in less than thirty days cannot be acted upon by the State Board.

It is clearly evident that the State Board has a great amount of discretion in determining whether it will accept or reject an application for the payment of bonds owned by the Permanent School Fund. In other words, the Board does not have to accept any application.

In view of the above, you are advised that it is our opinion that the State Board of Education upon receipt of an application prior to the next interest payment date of bonds but less than thirty days prior thereto, may waive the thirty day requirement if in the exercise of its discretion it determines to do so. Article 2787a is not mandatory in this regard.

Insofar as Opinions Nos. O-5402 and O-5715, rendered by a prior administration, hold that the application required under Article 2787a, must be filed with the State Board of Education at least thirty days prior to the next interest paying date, the same are overruled and modified to accord with this opinion.

### SUMMARY

Under the facts submitted, the State Board of Education, in the exercise of its discretion, may waive the thirty day's notice requirement of Article 2787a and grant the application of the Amarillo Independent School District to pay off and discharge its bonds owned by the Permanent School Fund as

of the interest payment date. Opinions Nos. O-5402 and O-5715, insofar as they conflict herewith, are overruled and modified.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw:erc

APPROVED:

*Price Daniel*

ATTORNEY GENERAL