Honorable Daniel W. Shindler District Attorney P.O. Drawer 2280 Bay City, Texas 77414
Re: Whether an elected mayor may receive a salary increase at any time during his term
Dear Mr. Shindler:
You ask whether an elected mayor of a general law city may receive a salary increase at any time during his term or whether any such increase must take effect in the two-year term subsequent to that during which the salary increase was adopted. We conclude that article 1010, V.T.C.S., acts as an absolute impediment to the mayor receiving an increase in salary during his term.
Article 1010, V.T.C.S., provides the following:
 The city council shall, on or before the first day of January next preceding each election, fix the salary and fees of office of the mayor to be elected at the next regular election, and fix the compensation to be paid to the officers elected or appointed by the city council. The compensation so fixed shall not be changed during the term for which said officers shall be elected or appointed. (Emphasis added).
It has been suggested that courts have construed the date provisions of the statutory predecessors of article 1010 to be permissive and not mandatory; therefore, it is suggested, a salary increase adopted at any time during the mayor's term is effective for that term not withstanding the plain terms of the statute. We disagree with this construction of the cases construing article 1010 and conclude that the plain terms of article 1010 prohibit such an increase.
There is a line of cases which hold that the provisions of article 1010 which require city council action on or before the January 1 next preceding each election are directory and not mandatory; none hold, however, that a salary increase may be approved and made effective during the term of office of the officer whose salary is to be increased. As the court in City of Uvalde v. Burney, 145 S.W. 311, 312 (Tex.Civ.App.-San Antonio 1912, no writ) declared:
 The law in question is affirmative in requiring that the salaries of the city officers shall be fixed at a certain time, and we think [it] is merely directory. It will be presumed that the [l]egislature intended what was reasonable, and it would not cripple, or completely break down, a municipal corporation by a failure to name salaries at a certain time. The time is not essential to the perfect operation of the law, and there is really but one mandatory provision in it, and that is that when the salary has been once fixed or established it shall not be changed during the term for which the officer was elected or appointed. That provision is negatively expressed, and must necessarily be mandatory. The directions as to the time at which the appropriation for the salaries should be made is not of the essence of the duty to be performed; the main object of the law being to prevent an increase in salary during the incumbency in office. (Emphasis added).
See also Bickle v. City of Panhandle, 43 S.W.2d 640
(Tex.Civ.App.-Amarillo 1931, writ ref'd); City of Panhandle v. Bickle, 31 S.W.2d 843 (Tex.Civ.App.-Amarillo 1930, writ dism'd); City of Belton v. Head, 137 S.W. 417 (Tex.Civ.App.-Austin 1911, no writ). Neither article 1010 (nor its predecessors) nor the cases construing the statute permit the salary of a mayor to be increased and made effective during that officer's term. We must interpret the statute in a way which
 expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.
Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). The plain terms of the statute clearly forbid any increase in compensation during the term for which the mayor is elected.
 SUMMARY
The salary of a mayor of a general law city may not be increased during the term for which the mayor is elected.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jim Moellinger Assistant Attorney General