

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 21, 1986

Honorable Daniel W. Shindler
District Attorney
P. O. Drawer 2280
Bay City, Texas   77414

Opinion No.   JM-442

Re:  Whether an elected mayor may receive a salary increase at any time during his term

Dear Mr. Shindler:

You ask whether an elected mayor of a general law city may receive a salary increase at any time during his term or whether any such increase must take effect in the two-year term subsequent to that during which the salary increase was adopted.  We conclude that article 1010, V.T.C.S., acts as an absolute impediment to the mayor receiving an increase in salary during his term.

Article 1010, V.T.C.S., provides the following:

> The city council shall, on or before the first day of January next preceding each election, fix the salary and fees of office of the mayor to be elected at the next regular election, and fix the compensation to be paid to the officers elected or appointed by the city council.  The compensation so fixed shall not be changed during the term for which said officers shall be elected or appointed. (Emphasis added).

It has been suggested that courts have construed the date provisions of the statutory predecessors of article 1010 to be permissive and not mandatory; therefore, it is suggested, a salary increase adopted at any time during the mayor's term is effective for that term not withstanding the plain terms of the statute.  We disagree with this construction of the cases construing article 1010 and conclude that the plain terms of article 1010 prohibit such an increase.

There is a line of cases which hold that the provisions of article 1010 which require city council action on or before the January 1 next preceding each election are directory and not mandatory; none hold, however, that a salary increase may be approved and made effective during the term of office of the officer whose salary is to be increased.  As the court in City of Uvalde v. Burney, 145 S.W. 311, 312 (Tex. Civ. App. – San Antonio 1912, no writ) declared:

> The law in question is affirmative in requiring that the salaries of the city officers shall be fixed at a certain time, and we think [it] is merely directory. It will be presumed that the [l]egislature intended what was reasonable, and it would not cripple, or completely break down, a municipal corporation by a failure to name salaries at a certain time. The time is not essential to the perfect operation of the law, and there is really but one mandatory provision in it, and that is that when the salary has been once fixed or established it shall not be changed during the term for which the officer was elected or appointed. That provision is negatively expressed, and must necessarily be mandatory. The directions as to the time at which the appropriation for the salaries should be made is not of the essence of the duty to be performed; the main object of the law being to prevent an increase in salary during the incumbency in office. (Emphasis added).

See also Bickle v. City of Panhandle, 43 S.W.2d 640 (Tex. Civ. App. - Amarillo 1931, writ ref'd); City of Panhandle v. Bickle, 31 S.W.2d 843 (Tex. Civ. App. - Amarillo 1930, writ dism'd); City of Belton v. Head, 137 S.W. 417 (Tex. Civ. App. - Austin 1911, no writ). Neither article 1010 (nor its predecessors) nor the cases construing the statute permit the salary of a mayor to be increased and made effective during that officer's term. We must interpret the statute in a way which

> expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968). The plain terms of the statute clearly forbid any increase in compensation during the term for which the mayor is elected.

## S U M M A R Y

> The salary of a mayor of a general law city may not be increased during the term for which the mayor is elected.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General