CHARLES D. HART v. CITY OF MINNEAPOLIS.[1]

December 5, 1900.

Nos. 12,250—(65).

**City of Minneapolis—Fire Department—Salary.**

> Certain provisions of the charter of Minneapolis (section 5, subc. 7, and section 29, subc. 3, chapter 76, Sp. Laws 1881, as amended in Sp. Laws 1883, c. 3, § 9) construed, and *held* that it is competent for the city council to fix the salary of an assistant engineer of the fire department by resolution instead of by ordinance.

**Complaint Good.**

> *Held*, that the complaint herein states a cause of action.

Appeal by defendant from an order of the district court for Hennepin county, Simpson, J., overruling a demurrer to the complaint.  Affirmed.

*Frank Healy* and *L. A. Dunn*, for appellant.

*P. M. Babcock*, for respondent.

COLLINS, J.

The defendant, by its general demurrer, raises a question of the proper construction of section 5 of subchapter 7, and section 29 of subchapter 3, of the charter of the city of Minneapolis.  Sp. Laws 1881, c. 76, subc. 7, § 5, provides that

"The city council shall annually appoint a chief engineer of the fire department and provide by ordinance for such other officers and men as may be deemed necessary for such department, and define

[1] Reported in 84 N. W. 342.

the respective ranks and duties of such chief engineer and other officers and men and their compensation."

· Section 29 of subchapter 3 of said chapter 76, as the same was · amended by Sp. Laws 1883, c. 3, § 9, also provides that

"The city council shall have power, where the same is not herein fixed, to fix the compensation of all officers elected or appointed under this act. Such compensation shall be fixed by resolution at the time the office is created, and at the commencement of any year, as soon after election as practicable, and when so fixed shall not be increased or diminished during the term. for which such officer shall have been elected or appointed.    *    *    *"

There is an apparent conflict between these two sections, and it seems impossible to reconcile them; but when we consider that, prior to the amendment of 1883, the maximum amount of annual salary to be fixed by the council, and paid to the officers and men of the fire department, was prescribed by a schedule made a part of section 29, we are compelled to the conclusion that, as the section originally stood, the council was authorized to fix the salaries by resolution, instead of by ordinance, and by so doing fully complied with the charter. The amendment of 1883, which dropped out this schedule, and inserted instead the words, "as soon after election as practicable," would seem to confirm this, and also the claim that the change was made with direct reference to the salaries to be paid to the officers and men of that department. The legislative act of 1883 was subsequent to that of 1881, relied on by defendant, and operated to modify section 5 of chapter 7.

We agree with the court below that it was competent for the city council to fix the appellant's salary by resolution. The complaint sets out that the appellant was duly appointed an assistant engineer in the fire department, that his salary was fixed by resolution at a sum certain, and that he served for a certain length of time before his discharge, for a portion of which time he has not been paid. Facts sufficient to constitute a cause of action were stated. No other questions raised by the demurrer need particular consideration.

Order affirmed.