## Caroline Brummer v. City of Galveston.

### No. 1237.   Decided October 29, 1903.

**1.—Charter—City of Galveston—Suit for Taxes.**

The provisions of sec. 54 of the charter of the city of Galveston as to preparation of delinquent lists by the board of commissioners and authorizing suit brought by the city attorney for recovery of taxes, considered in connection with sections 56, 60 and 61, are to be construed as permissive and not mandatory, and did not restrict the right of the city to bring such suit nor make such procedure a condition precedent thereto.   (Pp. 93-96.)

**2.—Same.**

In the absence of any express provision on the subject a city has the power to bring suit for its taxes.   (P. 96.)

Questions certified from Court of Civil Appeals for First District in an appeal from Galveston County.

*L. E. Trezevant,* for appellant.—Where a court can not try the question before it except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or the court is approached in the manner provided; in other words, when the right to bring suit for the recovery of taxes is expressly given by statute, the statute must be closely followed and any conditions which are named must be observed, and the facts which authorized the court to act must be specially pleaded and established.   Charter of City, Spec. Laws, 27th Leg., p. 132, sec, 54; Cooley on Taxation, 435, 525, 527; 12 Enc. of Pl. and Prac., 120, 170; Sedgwick on Stat. Const., 299, 302, 343; Suth. on Stat. Const., secs. 391, 392, 399, 509.

*P. A. Drouilhet,* for appellee.—The city's right to sue for the recovery of taxes is not dependent upon the fulfillment of the conditions stated in section 54 of the charter of the city of Galveston.   Charter of City of Galveston, Spec. Laws, 27th Leg., pp. 133, 134, secs. 56, 59, 60.

GAINES, Chief Justice.—This is a certified question from the Court of Civil Appeals for the First Supreme Judicial District.   The statement and questions are as follows:

"This is a suit for municipal and school taxes alleged to be due upon certain real estate owned by appellant.   It purports to have been brought by the city of Galveston against the appellant, and judgment for the taxes due and foreclosure of the lien was prayed for.   A trial resulted in a judgment for the city as demanded, and the case is here on appeal of the defendant.

"The questions hereinafter certified arise on the pleadings of plaintiff, which are so voluminous we forbear to insert them at length, believing a statement of them in substance will answer the requirements of this certificate.

"The suit was filed March 21, 1902, and is for taxes for the years 1900 and 1901.   There was a general allegation of the incorporation of the city under public law, no particular act of incorporation being men-

tioned; its assumption of control of its public schools and the due levy of the school taxes was averred; the ownership of the property by appellant; its location in the city and liability for the taxes sued for; the due levy and assessment of the taxes by ordinances duly passed; the preparation and approval of the tax rolls; the rendition and valuation of the property for taxes; the date when the taxes were due and payable; the existence of the lien, and the failure and refusal of appellant to pay were fully averred, and these allegations were made as to each of the years named.

"The following general allegation precedes the closing prayer of the petition.

" 'That the said defendant, although  *  *  *  liable and bound to pay to plaintiff the taxes aforesaid and interest thereon as aforesaid, and though often thereunto requested after the same became due and payable, have hitherto wholly failed and refused and still fail and refuse to pay the same or any part thereof.'

"The petition, however, contained no allegation that the property had been returned delinquent or sold for taxes, nor that the city commission had ever had delinquent lists prepared and approved, or had ever authorized the city attorney to bring the suit, nor was it otherwise alleged that the requirements of article 54 of the charter of the city granted in 1901 had been complied with. Because of the absence of these allegations the appellant filed in the trial court what was termed a plea in abatement, asking a dismissal of the action on the ground that a compliance with article 54 of the charter was necessary to confer jurisdiction upon the District Court of Galveston County, in which the suit was brought. The court overruled the plea and his action is assigned as error.

"The plea in so far as applicable to the questions propounded is as follows:

" 'Now comes Caroline Brummer and Emil Brummer and Frank Brummer, minors, and August Brummer, defendants in the above entitled cause, and by leave of the court file this their first amended answer in lieu of their original, filed March 24, 1902, and say that the city of Galveston has no capacity to institute this suit in manner and form as set forth in plaintiff's petition, and this court is without jurisdiction in the premises, and this because it does not appear from plaintiff's petition that the condition precedent under which this suit or any suit for the recovery of delinquent taxes is authorized by the charter of said city to be instituted have been complied with, and it does not appear from plaintiff's petition that the city attorney of said city has been directed by the board of commissioners of said city to file this suit, wherefore these defendants pray that this suit be abated and dismissed.'

"The assignment of error presenting the point is as follows:

" 'The court erred in overruling defendant's plea that the city of Galveston had no capacity ·to institute this suit in manner and form as set forth in plaintiff's petition, and that the court was without· jurisdiction in the premises, because it does not appear from plaintiff's peti-

tion that the conditions under which this suit or any suit for the recovery of taxes is authorized by the charter of said city to be instituted have been complied with, and it does not appear from plaintiff's petition that the city attorney of said city has been directed by the board of commissioners of said city to file this suit, and the court erred in not dismissing this suit.'

"The only proposition thereunder is as follows:

" 'Where a court can not try the question before it except under particular conditions or when approached in a particular way, the law withholds jurisdiction unless such conditions exist or the court is approached in the manner provided; in other words, when the right to bring suit for the recovery of taxes is expressly given by statute the statute must be closely followed, and any conditions which are named must be observed and the facts which authorized the court to act must be specially pleaded and established.'

"Questions: 1. Did the trial court err in refusing to sustain the plea?

"2. If it should be held that the question is not one of jurisdiction, should the plea be treated as a general demurrer and sustained?"

The law upon which appellants rely to defeat this action is that part of section 54 of the charter of the city of Galveston granted by the Twenty-seventh Legislature, which reads as follows:

"When any real or personal property situated within the territorial limits of said city has been returned delinquent, or reported sold to said city for taxes due thereon, the board of commissioners may cause to be prepared lists of delinquents in the same manner as is provided for in section 3 of the act of the Twenty-fifth Legislature of the State of Texas, and set out in chapter 103 of the General Laws of said Twenty-fifth Legislature, and when such lists shall be certified to as correct by the president of said board of commissioners, the said board of commissioners may direct the city attorney to file suit in the District Court of Galveston County for the recovery of the taxes due on said property, together with the penalty, interest and costs of suit, which suits may be brought in the same manner as is provided in section 5 of said act of the Twenty-fifth Legislature, above mentioned, for the bringing of suits by the county attorney, and the provisions of said act of the Twenty-fifth Legislature, as contained in chapter 103 of the General Laws of said Legislature, shall be in force as to such taxes so far as the same are applicable." See Special Laws 1901, p. 132. We understand the position assumed to be that this provision made it mandatory upon the board of commissioners for the city of Galveston to cause to be prepared lists of the delinquent taxpayers of the city after the manner prescribed by the State laws for the collection of State and county taxes, and after certifying to their correctness, to direct the city attorney to file suits for the collection of the taxes so delinquent; and that the discharge of this duty is a condition precedent to the filing of a suit for their collection. We think the position is not tenable. It may be that if

the provision quoted stood alone the construction so claimed would be correct. In Smisson v. State, 71 Texas, 222, it was held that the word "may" in a statute then under construction meant "shall," and the court say: "Such is the settled construction where the subject matter is one in which the public have an interest to be protected or promoted by the exercise of a power or the performance of a prescribed duty by a public officer unless the context shows that the word was used in its primary signification." If the provision under consideration should be construed as mandatory upon the board of commissioners, it might be argued with some degree of plausibility that their action in the premises was a condition precedent to the right of the city to bring suit.

But subsequent provisions of the charter show, as we think, that it was not the purpose of the Legislature to hamper the city in its right to bring suit for delinquent taxes.

Section 56 provides, that "All taxes levied by this act shall be a lien on all property upon which they are assessed, both real and personal, until the same shall have been paid, and in addition to the other remedies provided by this act for the collection of such taxes suits may be instituted to recover the same and the said liens foreclosed in any court of competent jurisdiction." This applies, however, to taxes levied after the act went into effect, and the taxes sued for in this suit seem to have been assessed under the previous laws. But section 60 contains this provision: "All taxes due by property owners on any and all property for the year 1884 and up to and including the year 1899, and for all years to come until otherwise provided by charter, as appears upon the tax rolls of said city, may be collected by suit from delinquent, and foreclosure of the lien thereon be had in any court having jurisdiction of the same," etc. We construe this language to include all taxes assessed for the year 1884 and all years subsequent thereto, and to authorize suit for the same until otherwise provided by law.

Again, section 61 authorizes the city to intervene and sue for its taxes in any suit which may be brought by the State for the State's taxes on the same property. These provisions tend, as we think, to show that instead of intending by section 54 to restrict the power of the city to sue for its taxes, the purpose of the Legislature was expressly to enlarge its powers in that particular.

Besides all this we have ruled that in the absence of any express provision on the subject a city has the power to bring suit for its taxes. City of Henrietta v. Eustis, 87 Texas, 14.

We answer the first question in the negative, and deem an answer to the second unnecessary.