## CITY OF PANHANDLE v. BICKLE.

### No. 3444.

Court of Civil Appeals of Texas. Amarillo.

Oct. 1, 1930.

Rehearing Denied Oct. 22, 1930.

H. H. Smith, of Panhandle, for appellant.

James Spiller, of Panhandle, for appellee.

HALL, C. J.

The appellee Bickle instituted this suit to recover the sum of $850 and interest which he alleges the appellant city owed him on salary as city marshal for the months of May, 1929, to November, 1929, inclusive, less certain payments which he admits had been made.

He alleges that at the time of his election to the office of city marshal in April, 1929, the salary which had been fixed prior to January 1, 1929, was fixed at $150 per month. That the city council thereafter, in February, attempted to reduce his salary, but their attempt to do so was void. That thereafter, on July 30th, the city council, in an attempt to force his resignation as city marshal, passed an ordinance abolishing all salary for the office of city marshal, placing the compensation on a fee basis.

The appellant city answered by general demurrer, numerous special exceptions, general denial, and denied that prior to January 1, 1929, a salary of $150 per month for city marshal had been fixed by the city council. That no salary had been fixed prior to January 1, 1929, in any manner prescribed or sanctioned by law, and that, if the appellee' had been paid $150 per month, such payments were unauthorized and should be refunded to the appellant city. It is specially alleged that on the 12th day of February, 1929, the city council, at a regular meeting, fixed the marshal's compensation by ordinance No. 58, duly recorded upon the minutes, for the ensuing two years beginning with the April election, 1929, and in said ordinance provided that the city marshal's compensation should consist of the fees as provided by ordinance creating the office of marshal and the corporation court, but that such marshal should receive no salary. It is further alleged that on March 15, 1929, the city council, by a resolution set out in the pleadings, provided for the payment to the city marshal of $100 per month, "unless sooner rescinded by order of the council," and that he should also have the fees of office as provided by ordi-

nance. It is further alleged that on July 30th the city council passed ordinance No. 61, which recites that, whereas the city marshal elected at the April election, 1929, has failed to qualify and file bond as required by law and ordinance, therefore the compensation of said city marshal shall be the fees of office only, and that no salary be allowed until otherwise arranged, as aforesaid.

The appellee filed a supplemental petition which contains numerous exceptions and in which he alleges that he was duly elected to the office of city marshal of the city of Panhandle at a regular election held for that purpose in the month of April, 1929; that the salary for said office had been fixed prior to January 1, 1926, and had remained in force and effect up to January 1, 1929; that plaintiff was first employed by the city in the spring of 1926 at a salary of $150 per month, and in this pleading sues for an additional $150 due him as salary for the month of December, 1929. He charges that the city council are guilty of fraud in inducing him to accept the payment of $100 per month for several months, and alleges that he remained in office, fulfilled the duties thereof in good faith, and that his services have been reasonably worth more than the compensation received, and prays for judgment in the total sum of $1,000.

The court overruled all of the general demurrers and special exceptions, except appellant's special exceptions numbered four and five. A jury was impaneled, but was afterwards discharged, and the trial was to the court, resulting in a judgment for the appellee against the appellant city in the sum of $100 per month as salary for the months of July, August, September, October, November, and December, 1929, aggregating $600.

The first question to be considered arises upon the action of the court in overruling the appellant's general demurrer and certain special exceptions urged to the plaintiff's petition. By these exceptions the appellant contends that the original petition was vague and indefinite; and, inasmuch as it sought to recover under statutory provisions, it was insufficient in not alleging the time at which the salary was fixed, the period for which it was fixed, and the manner of fixing it.

It must be admitted that the petition is not as full and definite as the rules of pleading require, and we strongly incline to the opinion that the court should have sustained the general demurrer and the second special exception. City of San Antonio v. Bodeman (Tex. Civ. App.) 163 S. W. 1043; City of San Antonio v. Coultress (Tex. Civ. App.) 169 S. W. 917; Brown v. City of Amarillo (Tex. Civ. App.) 180 S. W. 654.

Since there is some question with reference

to the sufficiency of the petition, we do not base the disposition of the case upon the grounds mentioned.

■ The appellee objects to a consideration of appellant's brief upon several grounds. One is that the order overruling the motion for new trial does not specifically provide for time within which defendant may prepare and file bills of exception and statement of facts. The order recites that defendant "is allowed eighty days from this date in which to prepare the necessary records to perfect such appeal." If it be held that an order is necessary, we think this is sufficient; but the defendant is given the right to prepare and file bills of exception and statement of facts by express provision of the statutes. R. S. art. 2246.

■ The second objection is that the judgment is marked filed December 29, 1930. Upon its face the judgment appears to have been rendered January 29, 1930, and we may reasonably infer that a draft of the judgment was prepared and given to the clerk, who marked it filed December 29, 1930, which is an impossible date, and as appeared from the record is a clerical error. We know of no statute which requires a draft of the judgment to be prepared by the judge, signed by him, and filed with the clerk, though this is frequently done in actual practice. The date of the file mark, being clearly a clerical error, had no bearing whatever upon the validity of the judgment.

■ The next contention is that the judgment was not excepted to. It is true that no exceptions are noted in the judgment itself, but a motion for new trial was filed and overruled. The order overruling the motion recites that the defendant in open court duly excepted to and gave notice of appeal. When a case is tried without the intervention of a jury, it is not necessary to except to the judgment, if the same is properly assailed in a motion for a new trial. 3 Tex. Jur. § 162; Korn v. Korn (Tex. Com. App.) 15 S. W. (2d) 1017; Lottman v. Cuilla (Tex. Com. App.) 288 S. W. 123; Connell v. Nickey (Tex. Civ. App.) 167 S. W. 313.

■ The next contention is that, because the court filed no findings of fact or conclusions of law, and because no bills of exception were taken, the appellant has no basis for specific assignments of error. These contentions are without merit and are all overruled.

We do not find it necessary to consider all of the fifteen propositions urged by appellant, but, upon an inspection of the entire record, have concluded that the judgment must be reversed and here rendered.

Revised Statutes, art. 1010, provides that the city council shall, on or before the 1st day of January next preceding each election, fix the salary and fees of office of the mayor to be elected at the next regular election and fix the compensation to be paid to the officers elected or appointed by the city council; and further provides that the compensation so fixed shall not be changed during the term for which said officers shall be elected or appointed.

It appears from the record that in 1926, when the city of Panhandle was incorporated, a city marshal was employed at a salary of $150 per month. That said officer, after serving a few months, resigned and the appellee herein, Bickle, was appointed in his stead, who served as city marshal and was paid a salary of $150 per month in addition to such fees as were prescribed by statute. It further appears that, at the municipal election held in April, 1927, the appellee was duly elected city marshal and qualified as such, and as compensation was paid $150 per month salary, in addition to the statutory fees of office. He was re-elected in April, 1929. The record fails to show any ordinance passed by the city council prior to the election of 1927, providing for the payment to the city marshal of a salary of $150 per month. Ordinance No. 37, dated September 14, 1926, was introduced in evidence, which provides for the election of a city marshal at the regular election to be held in April, 1927. This ordinance recites that a city marshal and his deputies shall receive, in addition to the fees provided by ordinance, such additional compensation as the city council may decide, and the record is barren of any ordinance which fixes his salary at any sum during his first term of office to be paid him in addition to the fees of office.

■■ On the 12th day of February, 1929, Ordinance No. 58, fixing the salaries of certain city officers to be elected at the April election, was passed by the city council. It provides that the city marshal shall receive the fees of office as provided by the ordinance creating the office of marshal, but that he shall be paid no salary. It is true this ordinance was not passed on or before the 1st day of January preceding the election, but it is held that article 1010 is not mandatory in so far as it requires salaries to be fixed on or before January 1st preceding the election, and that, if an ordinance is passed after January 1st, but prior to the general election at which the officers are elected, the ordinance is valid. City of Belton v. Head (Tex. Civ. App.) 137 S. W. 417; City of Uvalde v. Burney (Tex. Civ. App.) 145 S. W. 311.

The validity of Ordinance No. 58, in so far as the enactment thereof is concerned, is not attacked, and we hold it to be a valid ordinance fixing the compensation of the city marshal for the two years following the April, 1929, election.

■■ After the passage of Ordinance No. 58, the city council, on the 15th day of March,

1929, passed a resolution that the city marshal should be paid the sum of $100 per month, beginning with the regular election to be held April 2, 1929, and continuing through his term of office unless sooner rescinded by the order of the council, and the resolution also provides that he should have the fees of office provided by law. While it is generally held that the fees of city officers may be fixed by resolution as well as by ordinance (Brown et al. v. City of Amarillo [Tex. Civ. App.] 180 S. W. 654), it is the universal rule that an ordinance can be repealed only by ordinance and not by resolution or order or motion of the city council not passed and published with the same formality of an ordinance. 2 McQuillin on Munc. Corp. (2d Ed.) § 885; Brown v. City of Amarillo, supra; San Antonio v. Micklejohn, 89 Tex. 79, 33 S. W. 735.

This being the rule, the resolution of March 15th is ineffective for any purpose. To hold it operative would be, in effect, repealing that part of ordinance No. 58 which expressly declares that the city marshal shall have no salary.

We therefore hold that, under the record before us, the only compensation to which appellee was entitled consisted of the fees allowed him by law, and that all sums paid him as salary in addition thereto were unwarranted and unauthorized. Appellee is not entitled to recover upon a quantum meruit, even if his pleading and prayer were so framed as to ask that relief.

It appears that the court's judgment allowing appellee $600 is based upon the resolution of March 15, 1929, and is therefore erroneous. The case seems to have been fully developed, and there is no conflict in the evidence upon the material issues. The judgment is therefore reversed and is here rendered that the appellee take nothing.

Reversed and rendered.