## GIESECKE et al. v. GAYLE.

### No. 10822.

Court of Civil Appeals of Texas. Galveston.

June 1, 1939.

J. P. Bryan and F. Cleveland Davis, both of Angleton, for appellants.

No brief filed for appellee.

GRAVES, Justice.

This appeal by the City of Angleton—acting through its mayor and councilmen—and Arrington Farrer, appellants, against Annie Laura Gayle, a feme sole, city secretary of the City of Angleton, appellee, is from an order entered on June 17 of 1938 in the vacation minutes of the Brazoria County district court, after a full hearing on evidence for both sides, by the presiding Judge of the Second Judicial Administrative District of Texas, sitting in place of the regular judge of that court, wherein a temporary-injunction was awarded the appellee against appellants, running in most material part as follows:

"Whereupon said hearing came on to be considered upon its merits, and the court, having heard and considered the pleadings of both the plaintiff and the defendants, the evidence adduced upon said hearing, and being advised, is of the opinion, and finds, that the law and the facts are with the plaintiff and that the plaintiff is entitled to and should be granted a temporary injunction in all things as prayed for in her first amended original amended petition, and is further of the opinion and finds that a bond of $500.00 is sufficient and appropriate to warrant the issuance of said injunction.

"It is therefore ordered, adjudged and decreed by the court that the clerk of this court immediately issue temporary writ of injunction restraining the defendants, Neal Giesecke, Carlos B. Masterson, Joe B. Jackson, H. H. Sharpe, W. G. Stewart, and J. S. Hostetter, and Arrington Farrer, from in any manner interfering with or attempting to prevent plaintiff from discharging each and every duty incident to the office of City Secretary of the City of Angleton, Texas, as is provided and enjoined by Article 1000 of the Revised Civil Statutes of Texas, and from withholding from plaintiff the emoluments and salary of said office of $75.00 per month, as is provided by Ordinance Number 74 enacted by the City Council of the City of Angleton, Texas, on the 26th day of February, A. D. 1936, pending the final termination of this suit."

Under the undisputed pleadings and showing made, since the appellant-city officials, without controversion, proved they were neither questioning the appellee's right to such office of City secretary, nor to discharge its duties and enjoy its emoluments in any respect, except that they claimed the prerogative by law to fix her salary as such at the sum of $2 for each meeting of the city council, instead of permitting her to receive a salary of $75 per

month as claimed by her under ordinance No. 74, as recited in the court's order supra, the necessary effect of that order was merely to prevent such officials from so interfering with the $75 per month salary.

 This court, on examination of the record and appellants' brief, the appellee not having favored it with one, the cause having been brought here pursuant to R.S. Article 4662, reverses the order, and renders the cause for such injunctive relief, upon the conclusion that the decree was inadvertent and constituted an abuse of discretion, mainly upon these considerations:

(1) It indisputably appeared that the appellee based her right to the claimed $75 per month salary as such city secretary solely upon ordinance No. 74, as passed by the Angleton city council on February 26 of 1936, whereas that ordinance, under the law, R.S. Article 1010, as well as by its own terms, expired at the end of two years subsequent to its date, that is, on the 26th day of February, 1938, hence such ordinance No. 74 had become a nullity prior to the entry of this appealed-from order, leaving no authority upon which to base such claimed salary for the years 1938 and 1939; especially so, since it was likewise undisputedly shown that the city council of Angleton had, on February 25 of 1938, by a unanimous action, fixed the salaries of elective-officers of the city for the years of 1938 and 1939, that of such city secretary having then been fixed at the sum of $2.00 for each meeting of the city council, beginning April 5 of 1938, which was the date upon which the appellee had been elected to the position of city secretary for a term of two years thereafter.

(2) This last-stated action of the city council so fixing the appellee's compensation was taken pursuant to R.S. Article 1010, which governed its action in fixing salaries of its various city officers, and which conferred upon it that power, under these holdings: City of Uvalde v. Burney, Tex.Civ.App., 145 S.W. 311; Brown v. City of Amarillo, Tex.Civ.App., 180 S.W. 654, writ of error refused.

(3) Had it appeared from this record, which was not the case, as indicated, that the city council had so failed to enact such a new ordinance, or take such new official action, fixing the salary of the city secretary for 1938 and 1939, as required by the cited statute, and that, in the absence of such action, recovery of the pre-existing salary prescribed by prior ordinance No. 74 was justified, then an implied contract to pay it might have arisen; but no such case as that has been presented.

 (4) It seems that this action on February 25 of 1938 so fixing this salary for this officer for the years 1938 and 1939 was not taken by formal ordinance, but the proof is indisputable and conclusive to the effect that it did represent the official action of the city council on the matter in hand—that is, the fixing of all city salaries for the ensuing two years, inclusive of that of the city secretary; it was, therefore, entitled to full faith, credit, and effect as such, under our authorities. R.S. Article 1010; 30 Tex.Jur. 243; City of Panhandle v. Bickle, Tex.Civ.App., 31 S.W.2d 843, on subsequent appeal Bickle v. City of Panhandle, Tex.Civ.App., 43 S.W.2d 640; Brown v. City of Amarillo, Tex.Civ.App., 180 S.W. 654; Masterson v. Town of Hedley, Tex.Civ.App., 265 S.W. 406; 19 R.C.L. page 895.

Further discussion being deemed unnecessary, the judgment will be reversed and the temporary-injunction dissolved.

Reversed, and temporary-injunction dissolved.