

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

April 5, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas 78774

Dear Mr. Calvert:

Opinion No. H- 274

Re: Authority of cities to
collect taxes due under
Article 1066c, V. T. C. S.,
the Local Sales and Use
Tax Act

You have requested an opinion on the following questions:

"Whether any city has authority under Vernon's
Ann. Civ. Stat. Art. 1066c, common law, or otherwise
to engage in any collection activities, including collec-
tion on a judgment, for tax liabilities that arise under
Vernon's Ann. Civ. Stat. Art. 1066c, other than joining
as a party plaintiff with the Attorney General in a suit
for collection as provided in Vernon's Ann. Civ. Stat.
Art. 1066c, Sec. 12, subsequent to a certification of a
tax liability by the Comptroller to the Attorney General
for collection? "

"In the event any amounts due under Vernon's
Ann. Civ. Stat. Art. 1066c are in fact received by a
city, either legally or illegally, is that city required
to either remit the total amount collected, exclusive
of court costs, if any, to the Comptroller or to submit
an accounting to the Comptroller of all amounts so col-
lected? "

The Limited Sales, Excise and Use Tax Act (Chapter 20, Taxation-
General, V. T. C. S.) was enacted in 1961. The Local Sales and Use Tax Act,
Article 1066c, V. T. C. S., became effective in 1967. It authorizes cities,
towns and villages to adopt a local sales and use tax which is superimposed
on the state sales tax in local, taxable transactions.

The Honorable Robert S. Calvert, page 2    (H-274)


We believe that the State Comptroller is the sole party authorized to collect these local taxes on behalf of the city.  Our opinion is based upon the many provisions in Article 1066c which contemplate collection of the local taxes by the Comptroller.  The caption to the Act sets out that it is an act "providing for the administration and collection and enforcement of such tax by the State of Texas." (Acts 1967, 60th Leg., R.S., ch. 36, p. 62).  Section 5 of the act provides that "the Comptroller shall perform all functions incident to the administration, collection, enforcement, and operation of the tax, and the Comptroller shall collect . . . an additional tax under the authority of this Act of one percent (1%) . . . . " It further states that the local tax and state tax will be "collected together and reported upon such forms ... . as may be prescribed by the Comptroller. . . ." Section 6 establishes provisions which "shall govern the collection by the Comptroller of the tax imposed by this Act" and Section 4, establishing an excise tax, states that "the tax imposed by this Section of this Act shall be collected by the Comptroller on behalf of and for the benefit of such city." (emphasis added)

These provisions clearly show that the Legislature intended that the State Comptroller be the central collector of these taxes.

The answer to your second question is dictated by our answer to the first and is governed by the same statutory provisions as those quoted above.  Since the Comptroller is the sole agent authorized to collect the Local Sales, Excise and Use tax, any such tax collected by a city in any manner must be paid over to the Comptroller to be deposited in the State Treasury for the city's benefit.

In connection with your first question you have referred to § 12 of Article 1066c, V. T. C. S., which provides a convenient procedure enabling a city to join as a "party plaintiff" in suits brought by the Attorney General to collect delinquent state taxes when a city tax is also delinquent.  However, this procedure is not exclusive and a city also has a general common law right to file suit to recover delinquent taxes. Brummer v. City of Galveston, 76 S. W. 428 (Tex. 1903); City of Henrietta v. Eustis, 26 S. W. 619 (Tex. 1894).  See also Article 11, § § 4 and 5 of the Texas Constitution and Article 962, V. T. C. S.

p. 1281

## SUMMARY

The State Comptroller is the sole collector of taxes under Article 1066c, V.T.C.S., although cities may independently file suit therefor, and any such tax moneys received by cities should be remitted to the State Comptroller for deposit in the State Treasury for the cities' benefit.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee